UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HUMBERTO FERNANDEZ, )
)
    Plaintiff, )
)
v. ) No. 4:14CV1549 JAR
)
ST. LOUIS METROPOLITAN POLICE )
DEPARTMENT, )
)
    Defendant. )

## MEMORANDUM AND ORDER

Plaintiff moves to file this 42 U.S.C. § 1983 action without payment of the filing fee. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff alleges that the St. Louis Metropolitan Police Department (the "Department") falsely arrested him several times in the 1980s and once in 2006. Plaintiff claims that his arrest record was given to the FBI, and he says that he cannot get legal residency in the United States from the U.S. Citizenship and Immigration Services as a result. Plaintiff seeks money damage, and he seeks an order expunging his state arrest record.

## Discussion

The complaint is frivolous because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992).

Additionally, even if plaintiff had named a correct defendant, the claims would be barred by the statute of limitations period. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's most recent arrest occurred on February 22, 2006, which is more than five years ago.

For these reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 16th day of September, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE